

# IN THE
## TENTH COURT OF APPEALS

### No. 10-10-00272-CV

**STACY ROSS,**

**Appellant**

 **v.**

**CYNTHIA AND VINCENT HENDRIX,**

**Appellees**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2010-728-1**

## MEMORANDUM OPINION

Pursuant to a mediated settlement agreement, the trial court entered an order terminating the parental rights of Stacy Marie Ross[1] to her child V.R. Stacy filed a motion for judgment nunc pro tunc to correct a clerical error in the order of termination. The trial court denied the motion. Stacy also filed a petition for bill of review asking the trial court to set aside its May 16 order of termination, and in the alternative, to provide

---

[1] Stacy Marie Ross is also referred to as Stacy Marie Lawrence.

for all of the terms of the mediated settlement agreement to be incorporated into the final order. The trial court denied the petition.

Stacy filed a petition for writ of mandamus with this Court on November 16, 2010 requesting this Court to direct the trial court to grant the judgment nunc pro tunc. Because the case was transferred to a new district court after the petition was filed, this Court abated the proceeding to give the new trial court judge an opportunity to consider the motion for judgment nunc pro tunc. The trial court then granted the motion and signed an order correcting the final order of termination. On April 6, 2011, this Court granted Stacy's motion to dismiss her petition for writ of mandamus in Cause No. 10-10-00414-CV.

The appeal from the trial court's denial of Stacy's petition for bill of review was still pending before this Court. The new trial court ordered the parties to mediation to formalize an agreement clarifying the rights and obligations of the parties. This Court granted Stacy's motion to abate the appeal in this case while the parties pursued mediation. Mediation was not successful.

Stacy filed a motion to continue the abatement until September 15, 2011. In the motion, Stacy states that she has filed a motion to enforce visitation and a hearing on that motion is set in the trial court. Stacy contends that if visitation is enforced, this appeal will become moot. However, the appeal in this cause number is from the trial court's denial of Stacy's bill of review. The bill of review sought to have the trial court set aside the final judgment that did not allow for post termination visitation, or in the alternative, to provide for all of the terms of the mediated settlement agreement to be

incorporated into the final order of termination. The trial court granted the motion for judgment nunc pro tunc, corrected the final judgment, and allowed for visitation. The trial court's order on the pending motion for enforcement is not a part of the appeal on the denial of the petition for bill of review. Therefore, the appeal from the denial of the petition for bill of review is moot. We dismiss the appeal as moot and deny the motion to continue the abatement.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Dismissed
Opinion delivered and filed August 31, 2011
[CV06]